DELIA KEMPLIN *et al. vs.* H. W. GOLDEN & SON, INC.

DECEMBER 30, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This action is before the court on plaintiffs' exception to the decision of the Superior Court sustaining defendant's demurrer to the declaration.

The action is brought by the widow and children of Cornelius G. Kemplin to recover damages for his death which is alleged to have been caused by the negligence of a servant of defendant.

It is alleged in the declaration that Mr. Kemplin was one of several men employed by defendant in working on the highways in the town of Warwick; that defendant owned and used a truck to transport its employees to their work; that February 12 the truck was located on the westerly side of Elmwood avenue; that Mr. Kemplin reported for duty on the easterly side of said avenue and was directed by defendant's manager to forthwith cross said avenue and get on the truck to be transported, with other employees of defendant, to another place on said avenue where they were to carry out the duties assigned to them; that while Mr. Kemplin was crossing the avenue he was struck by an automobile, which was being driven at an unsafe and unreasonable rate of speed, and received injuries which caused his death. It is also alleged that defendant's manager violated his duty to Mr. Kemplin by directing him to cross said avenue at a time when it was in a dangerous condition

on account of the automobile traffic over it; that said dangerous condition was known to defendant's manager but was unknown to Mr. Kemplin who exercised due care when crossing said avenue.

The Superior Court sustained the demurrer on the ground that it appeared from the declaration that the negligent act of the person operating the automobile was the proximate cause of the injuries to Mr. Kemplin. We find no error in this decision of the court. It is established law that although a defendant may be guilty of negligence in the performance or omission of some duty owed to the person injured, no liability attaches unless such negligence was the proximate, rather than the remote, cause of the injury. 45 C. J. 901; 22 R. C. L. 110. The doctrine of proximate cause is recognized in this State. *Peycke* v. *United Electric Rys. Co.,* 49 R. I. 257.

Plaintiffs contend that this doctrine is not applicable because they claim that the negligence of defendant's manager in ordering Mr. Kemplin to cross the avenue was a concurring cause of the injury to Mr. Kemplin. When defendant's manager directed Mr. Kemplin to cross the avenue it was presumed that he would use his senses of sight and hearing and proceed to cross the avenue as an ordinarily prudent man would do under like circumstances. It could not have been reasonably anticipated that Mr. Kemplin would attempt to pass an automobile approaching him at an unsafe and unreasonable rate of speed. The defendant would be liable only for the natural and probable consequences of its alleged negligent act. *Prue* v. *Goodrich Oil Co.,* 49 R. I. 120.

It is alleged that Mr. Kemplin was in the exercise of due care at the time he was crossing the avenue and that his conduct did not contribute to his injury. Assuming this allegation to be true, as we must on demurrer, it follows that the cause of the injuries to Mr. Kemplin was the negligent operation of an automobile by a third person. This was the sole proximate cause of the injuries to Mr. Kem-

plin. Defendant had no control over the operation of this automobile and is not liable for the damage done by it.

This conclusion makes it unnecessary for us to consider whether Mr. Kemplin was injured "by accident arising out of and in the course of his employment" under the "Workmen's Compensation Act," as it is alleged that defendant had not accepted the Act.

The exceptions are overruled. The case is remitted to the Superior Court for further proceedings.

*McGovern & Slattery, James A. Higgins,* for plaintiff.
*Henshaw, Lindemuth & Baker,* for defendant.